IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 09-279 |
| | ) | See Civil Action No. 12-1130 |
| ANDREW J. MURIN, JR., | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of Petitioner's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 359), filed in the above captioned matter on August 8, 2012, and in further consideration of Petitioner's pro se response to the Court's August 9, 2012 Show Cause Order (document No. 361), filed on September 4, 2012,

IT IS HEREBY ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DISMISSED.

I. Background

On June 21, 2011, Petitioner pled guilty to Count Twenty-four of the superseding indictment, charging him with aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. In connection with his plea, he and the Government

1

entered into a plea agreement which provided that Petitioner would be subject to a term of imprisonment of not more than 10 years, a term of supervised release of 5 years, no fine, a special assessment of $100, and restitution as determined by the Court. The agreement also included a waiver of certain appellate rights as well as a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." The agreement further stated that it

> sets forth the full and complete terms
> and conditions of the agreement between
> [Petitioner] and the [Government], and
> there are no other agreements, promises,
> terms or conditions, express or implied.

Petitioner signed the agreement and agreed at the plea hearing that he had agreed to the terms set forth in the agreement, which both the Government and the Court reviewed for him at that hearing. The Court accepted Petitioner's plea.

On October 27, 2011, the Court sentenced Petitioner to 120 months' imprisonment and 5 years' supervised release and ordered restitution in the amount of $235,637,115.19. Judgment was entered on that date. Although Petitioner filed a notice of appeal on November 7, 2011, the Third Circuit Court of Appeals summarily dismissed the appeal based on Petitioner's waiver of

his appellate rights. (Doc. No. 355). Petitioner subsequently filed the present motion pursuant to 28 U.S.C. § 2255. Because the Court was aware of the waiver of the right to file a Section 2255 motion contained in the plea agreement entered into by Petitioner, it ordered Petitioner to show cause why his motion should not be dismissed on the basis of this waiver. Petitioner filed a response setting forth various reasons why the Court should not enforce the waiver in addition to the reasons set forth in his Section 2255 motion itself.

II. Discussion

Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). However, a criminal defendant may waive his right to file a motion under Section 2255 or to otherwise seek collateral relief. Such a waiver is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v.

3

Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38.

None of Petitioner's arguments establish that the waiver of his right to collaterally attack his sentence was anything other than knowing or voluntary, or that enforcement would work a miscarriage of justice.[1] Many of his arguments are far too vague to warrant much discussion. For example, he seems to take issue with the entire concept of plea bargaining and argues at one point that one cannot waive his rights in regard to a future occurrence. Although Petitioner may personally disapprove of these practices, both plea bargaining and the waiver of appellate and collateral attack rights are well-recognized under the law.

Other arguments made by Petitioner are not only vague, but also do not raise any allegations that would establish that the waiver of his right to file a collateral attack itself was anything other than knowing or voluntary. See United States v.

---

[1] In so finding, the Court acknowledges that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).

4

Akbar, 181 Fed. Appx. 283, 286-87 (3d Cir. 2006); United States v. Clark, 177 Fed. Appx. 228, 231 (3d Cir. 2006); United States v. Watkins, 2011 WL 2261059 (W.D. Pa. June 8, 2011); United States v. Fagan, 2004 WL 2577553, at *4 n.5 (E.D. Pa. Oct. 4, 2004). For instance, he claims that the Government was "deceitful" and threatened him into pleading guilty, but does not in any way suggest that he was threatened or coerced into agreeing to the waiver. Moreover, in any event, the only "threat" he specifically alleges is that Government counsel advised him that he would face a significantly longer term of imprisonment if he was convicted at trial than if he accepted the 10-year maximum sentence offered in the plea agreement. This was not a threat, but rather, a well-founded statement of opinion. Indeed, one of Petitioner's co-defendants, Robert Lynn, did proceed to trial and was convicted on 10 of the counts against him. His recommended guideline sentencing range was 324-405 months, and he ultimately received a 180-month sentence of imprisonment, five years longer than Petitioner's.

Petitioner's claim that he was naïve and did not understand what he was giving up in waiving those rights fares no better. The Court questioned Petitioner extensively regarding the waiver of his right to file a collateral attack as to his plea and sentence:

5

> Do you understand that ordinarily you or the Government may have the right to appeal any sentence the court imposes; however, the Court notes that in paragraph A3 of the plea agreement, you and the Government agreed that you would waive, that is, give up your right to take a direct appeal from your conviction or sentence subject to the following exceptions:
>
> First, if the United States appeals from the sentence, you may take a direct appeal from the sentence. Do you understand that?
>
> Second, You may also take a direct appeal from the sentence only on the following grounds:
>
> > First, the sentence exceeds the applicable statutory limits set forth in the United States Code. Do you understand that?; or
> >
> > Secondly, the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines. Do you understand that?
>
> To repeat, by these provisions of the plea agreement, you are giving up the right to appeal both the validity of your plea of guilty and the legality of your sentence. Do you understand that?
>
> Further, you have also waived the right to file a motion to vacate sentence under Title 28, United States Code, Section 2255, and the right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that?

Petitioner answered all of these questions in the affirmative.

The Court therefore continued:

> The waivers you have entered into are
> generally enforceable if entered into
> knowingly and voluntarily unless they work a
> miscarriage of justice. Has anyone made a
> threat to you or anyone else that has forced
> you to waive these rights?
>
> Has anyone made any promise to you other
> than the promises made in the plea agreement
> that has induced you to waive these rights?

When Petitioner responded in the negative, the Court found the waivers to be knowing and voluntary.

Petitioner may well not have foreseen all of the potential arguments he could have raised on appeal or in a collateral attack. Virtually no criminal defendant has that foresight. However, in exchange for a very favorable plea deal in regard to his sentence, the Government asked Petitioner to waive these rights, and Petitioner accepted that offer. In direct response to the Court's questions, he indicated that he understood that he was waiving these rights. Representations and admissions made under oath at a plea hearing are entitled to great deference, and Petitioner faces a great burden in overcoming the strong presumption of the veracity of any such representations and admissions. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Morris v. United States, 2008 WL 1740679, at *5 (D. Del. Apr. 16, 2008). He has failed to do so here.

Petitioner further claims that his counsel's ineffectiveness precludes enforcement of the waiver. He argues that his counsel advised him to plead guilty, apparently out of a desire to dispose of the case quickly. However, Petitioner does not indicate any specific erroneous advice or coercion from counsel, and does not acknowledge that approximately two years passed from his original indictment until he was sentenced. He further argues that counsel failed to obtain for him the same 5-year deals that two of his co-defendants received. However, as these co-defendants not only pled much earlier in the process than did Petitioner, but also, unlike Petitioner, cooperated with the Government, they were not similarly situated. Further, Petitioner admits that the 5-year deal had been available to him earlier in the case had he wanted it. Regardless, these arguments regarding ineffectiveness do not allege that the waiver of his right to file a collateral attack itself was anything other than knowing or voluntary or that the waiver itself was the product of ineffective assistance of counsel.

The closest Petitioner comes to claiming that his waiver was the result of ineffective assistance of counsel is in claiming that waivers of the nature of his typically contain language indicating that the waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct

and that his counsel was ineffective in failing to ensure that this "typical" language applied in his case. However, Petitioner in no way explains why or how he believes that waivers "typically" contain the exceptions to which he cites, and he cites to no authority or evidence in support of his claim. The language contained in Petitioner's waiver of his right to collaterally attack his conviction or sentence is certainly typical of the language in such waivers in this district. Moreover, Petitioner does not suggest that the Government would have been amenable to any different waiver language, and, therefore, he cannot establish that he was prejudiced by his counsel's failure to seek for the inclusion of such language. See United States v. Romero-Gallardo, 113 Fed. Appx. 351, 354 (10th Cir. 2004); United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995). See also Lawuary v. United States, 199 F. Supp. 2d 866, 877 (C.D. Ill. 2002) ("The failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel.").

The Court further emphasizes that Petitioner negotiated a sentencing range significantly lower than what he would have faced by proceeding to trial. It was also significantly lower than if he had taken an open plea. Indeed,

as it is, the Court found that Petitioner's recommended guideline sentencing range was 135-160 months. Accordingly, Petitioner received a very favorable sentencing agreement in return for his plea and waivers.

Therefore, the Court again finds that Petitioner's waiver of his right to file a collateral attack was knowing and voluntary. Moreover, no miscarriage of justice would occur as a result of the enforcement of the waiver. As the Third Circuit has explained, in determining whether there would be a miscarriage of justice, the Court must consider factors such as the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. See Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). After engaging in its own independent review of the record and applying the factors set forth above, the Court finds that no miscarriage of justice will occur by enforcing the collateral waiver.

As noted above, Petitioner's claims regarding ineffective assistance of counsel and prosecutorial misconduct are very vague, conclusory, and lacking in merit. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); United

States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).[2] His claims regarding errors made by this Court are more specific, but lacking in factual basis. The Court did not, whether in a hallway or anywhere else, indicate what Petitioner's sentence would be before he was actually sentenced on October 27, 2011, to Petitioner's counsel, a newspaper,[3] or anyone else. Likewise, although Petitioner's allocution at his sentencing hearing occurred outside of the normal course, he was, indeed, given a full opportunity to be heard at the hearing, and the Court considered his statements. Petitioner points to nothing specific in the transcripts from Lynn's trial that would have been helpful at his sentencing. Finally, Petitioner claims that he should be permitted to pursue an appeal because the Court advised him at sentencing that he could appeal his conviction or sentence under certain circumstances. However, he fails to acknowledge that the Court further stated:

> However, a defendant may waive those rights as part of a plea agreement, and you have entered into a plea agreement which waives some or all of your rights to appeal the sentence itself. Such waivers are generally

---

[2] Although a miscarriage of justice can occur where plea proceedings were tainted by ineffective assistance of counsel, merely raising such a claim does not render a waiver unenforceable. See Akbar, 181 Fed. Appx. at 286-87.

[3] Indeed, the source of the October 26, 2011 Pittsburgh Tribune article to which Petitioner refers was his own sentencing memorandum. (Doc. No. 301).

>     enforceable, but if you believe that the
>     waiver is unenforceable, you can present
>     that theory to the appellate court.

Therefore, Petitioner's claims are either vague or unsupported by the record. However, even assuming he could establish some error on the part of his own counsel, Government counsel, or the Court, the other factors demonstrate that no miscarriage of justice would result from enforcing the waiver. Although Petitioner does not clearly indicate the relief he seeks, he does proclaim his innocence and repeatedly indicates that it was his desire not to plead guilty but to go to trial. He states at one point that "[t]rial was the only battlefield where his innocence could have been proven and justice properly served." Doc. No. 359 at 28. The Government would be greatly prejudiced by having to try a case that is now several years old for a second time.[4] The trial of Robert Lynn took approximately a month and involved numerous witnesses and exhibits. Further, the Court, of course, is very familiar with the evidence in this case, and it appears likely that Petitioner would have been convicted in a manner similar to Lynn had he proceeded to trial. Indeed, a good deal of evidence incriminating Petitioner came

---

[4] The Court notes that the Government also went to trial in the related case involving Karla S. and G. Jesse Podlucky at CR 11-37.

out during Lynn's trial.[5] Moreover, Petitioner would lose the beneficial sentencing considerations in his plea agreement were he to be permitted to withdraw his plea and proceed to trial. As noted, Lynn received a substantially longer sentence than did Petitioner after he was convicted.

Finally, Petitioner acquiesced in any error. As noted above, he represented to the Court that he understood that he was waiving certain rights in exchange for the sentencing consideration contained in the plea agreement. The court also asked Petitioner:

> Has anyone made any threat to you or to anyone else that has forced you to plead guilty?
>
> Has anyone made any promise other than the promises made in the plea agreement that induced you to plead guilty?
>
> Have you been instructed by the Government attorney, your attorney, or anyone else to respond untruthfully to any question?

Petitioner responded in the negative to all of these questions. He only now challenges the validity of the waivers, well after the fact.

---

[5] Despite this fact, the Court did not rely on any of the evidence adduced at Lynn's trial in sentencing Petitioner because he was not represented at that trial. The Court would, of course, rely on incriminating evidence against Petitioner were he to be convicted at his own trial.

In sum, no miscarriage of justice will occur if the waiver is enforced. The Court's independent review of the record reveals nothing to the contrary. The Court further notes that the Third Circuit has already enforced the appellate waiver contained in the same plea agreement.

III. Conclusion

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner waived his right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

                                        s/Alan N. Bloch
                                        United States District Judge

ecf:      Counsel of record

cc:       Andrew J. Murin, Jr., #30492-068
           USP Hazelton - Camp
           P.O. Box 2000
           Bruceton Mills, WV 26525