IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 09-279 |
| | ) |
| ANDREW J. MURIN, JR., | ) |
| | ) |
| Defendant/Petitioner. | ) |

O R D E R

AND NOW, this 27th day of December, 2017, upon consideration of Defendant/Petitioner ("Petitioner") Andrew J. Murin, Jr.'s pro se "Motion for Relief Pursuant to Rule 60(b) and Rule 59(e) of Federal Rules of Civil Procedure" (Doc. No. 438), filed in the above captioned matter on December 15, 2016, and upon further consideration of the Government's response to said motion (Doc. No. 442), filed on January 13, 2017, and on Petitioner's reply thereto (Doc. No. 450), filed on February 7, 2017,

IT IS HEREBY ORDERED that said motion is DISMISSED.

**I.    Background**

On June 21, 2011, Petitioner pled guilty to Count Twenty-four of the superseding indictment, charging him with aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. In connection with his plea, he and the Government entered into a plea agreement which provided that Petitioner would be subject to a term of imprisonment of not more than 10 years, a term of supervised release of 5 years, no fine, a special assessment of $100, and restitution as determined by the Court. The agreement also included a waiver of certain appellate rights as well as a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28

1

U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." The agreement further stated that it

> sets forth the full and complete terms and conditions of the agreement between [Petitioner] and the [Government], and there are no other agreements, promises, terms or conditions, express or implied.

Petitioner signed the agreement and agreed at the plea hearing that he had agreed to the terms set forth in the agreement, which both the Government and the Court reviewed for him at that hearing. The Court accepted Petitioner's plea.

On October 27, 2011, the Court sentenced Petitioner to 120 months' imprisonment and 5 years' supervised release and ordered restitution in the amount of $235,637,115.19. Judgment was entered on that date. Although Petitioner filed a notice of appeal on November 7, 2011, the Third Circuit Court of Appeals summarily dismissed the appeal based on Petitioner's waiver of his appellate rights. (Doc. No. 355). On August 8, 2012, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. (Doc. No. 359). Because the Court was aware of the waiver of the right to file a Section 2255 motion contained in the plea agreement entered into by Petitioner, it ordered Petitioner to show cause why his motion should not be dismissed on the basis of this waiver. Petitioner filed a response, but the Court dismissed the motion pursuant to the waiver and declined to issue a certificate of appealability. (Doc. No. 363). Petitioner sought a certificate of appealability from the Third Circuit, but the Circuit Court denied his request. (Doc. No. 373).

Petitioner subsequently sought certification from the Third Circuit to file another Section 2255 motion pursuant to 28 U.S.C. §§ 2244 and 2255(h). On November 15, 2016, the Third Circuit denied Petitioner's request. Petitioner then filed the present motion, purporting to

2

rely not on Section 2255, but Rules 59 and 60 of the Federal Rules of Civil Procedure.  The Government filed a response, to which Petitioner has replied.

## II. Discussion

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief."  Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Perhaps not unexpectedly, given his pro se status, Petitioner's motion is premised on a fundamental misunderstanding of the nature of the sentencing process in federal criminal proceedings and a mischaracterization of his plea agreement.  Indeed, the Government, in its response, sets forth nine separate reasons for the Court to dismiss and/or deny the present motion, all of which are essentially valid.  While the Court need not address all of the nine reasons, it will set forth the fundamental reasons why it must dismiss Petitioner's motion.

### A. Petitioner's Claims Are Barred by the Waiver in His Plea Agreement

As noted above, this is not the first post-conviction motion for relief filed by Petitioner in this case.  His previous motion, filed pursuant to 28 U.S.C. § 2255 (Doc. No. 359), was dismissed by this Court because Petitioner had waived his right to file such a motion pursuant to his plea agreement.  However, that waiver did not apply only to motions pursuant to Section 2255, but to "the right to file any other collateral proceeding attacking his conviction or sentence."  Although Petitioner attempts to argue that he is not in fact attacking his sentence, he clearly is.  While on the one hand claiming that he is not seeking a reduction in his 120-month term of

3

imprisonment, he also acknowledges that he is seeking for that sentence to be corrected, *i.e.*, changed. In fact, he himself identifies the "primary issue" before the Court as the Court's alleged error in not reducing his sentence further based on language in his plea agreement. (Doc. No. 450 at 10).

Accordingly, whether the present motion is characterized as a Section 2255 motion or any other type of collateral attack on Petitioner's sentence, it is covered by the waiver set forth in the plea agreement. This Court has already held, in its previous order dismissing Petitioner's earlier Section 2255 motion (Doc. No. 363), that the waiver was entered into knowingly and voluntarily. See United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Moreover, as with Petitioner's previous motion, no miscarriage of justice would result from enforcement of the collateral waiver. As explained herein, Petitioner cannot pursue his claims under the procedural vehicles he has chosen, and regardless, even if he could his claims lack merit. As such, the waiver in Petitioner's plea agreement is enforceable here.

### B. Federal Rules of Civil Procedure 60(b) and 59(e) Are Not Appropriate Procedural Grounds for Bringing the Present Claims

Aware that he has already filed a Section 2255 motion, and having been denied the right to file a second one by the Third Circuit Court of Appeals pursuant to Section 2255(h), Petitioner attempts to bring his present claims under Federal Rules of Civil Procedure 60(b)[1] and

---

[1] Federal Rule of Civil Procedure 60(b) provides:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

59(e).[2]  However, neither provides an appropriate vehicle to challenge his sentence.  The Federal Rules of Civil Procedure govern "procedure in all civil actions and proceedings."  Fed. R. Civ. P. 1.  They do not apply in criminal cases.  Petitioner had no civil actions pending before this Court at the time he filed his motion and, in any event, the motion does not pertain to any adjudication of the civil action opened in connection with his prior motion to vacate.  Accordingly, Civil Rules 60 and 59 provide no basis for jurisdiction in and of themselves for this Court to vacate Petitioner's criminal conviction or sentence in this case.  See United States v. Mortimer, 256 Fed. Appx. 468 (3d Cir. 2007); United States v. Pope, 124 Fed. Appx. 680, 682 (2d Cir. 2005); United States v. Wallace, 82 Fed. Appx. 701, 701 (1st Cir. 2003).

       Rules 60 and 59 can apply when used to challenge a previous habeas determination.  A Rule 60(b) motion may be adjudicated on its merits when the factual predicate of the motion

---

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

[2]    Federal Rule of Civil Procedure 59(e) provides:  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."

attacks the manner in which an earlier Section 2255 judgment was procured rather than the underlying sentence or conviction. See Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005); United States v. Enigwe, 142 Fed. Appx. 642, 642-43 (3d Cir. 2005) (citing Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004)). However, Petitioner's motion in no way challenges the manner in which his previous Section 2255 motion was adjudicated. Indeed, he expressly is challenging the sentencing procedure in the underlying case. (Doc. No. 438 at 5, 8). He identifies the Court's alleged error in calculating his sentence as the primary issue raised. (Doc. No. 450 at 10). As such, his attempt to raise claims under Rule 60(b) cannot be construed as an attack on a prior habeas proceeding, but as a collateral attack on his sentence. Accordingly, the motion would be treated as one under Section 2255, subject to the requirements of the AEDPA. Gonzalez, 545 U.S. at 532-33. As discussed, Petitioner was denied the requisite certification to file such a motion by the Appellate Court.

While a timely Rule 59(e) motion is not treated as a Section 2255 motion, it does no more than provided a limited basis for reconsidering a habeas decision, including to correct "manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Again, Petitioner is not challenging the proceedings regarding his previous Section 2255 motion, but rather errors he claims occurred in the underlying criminal case. Moreover, even if he were attempting to challenge the Court's decision in regard to his Section 2255 motion, he has not come close to doing so within the time frame permitted by Rule 59(e). As such, Rule 59, like Rule 60, is of no assistance to Petitioner.[3]

---

[3] Further, the case on which Petitioner appears to rely to demonstrate a manifest error of law, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), a decision from the Ninth Circuit

## C. There Is No Merit to Petitioner's Claims

Even were it not for the substantial procedural hurdles to bringing the claims presented here, the Court would deny the motion because it simply lacks merit. Petitioner's contention, essentially, is that since the recommended sentencing range under the United States Sentencing Guidelines as found by the Court was greater than the agreed-upon cap to his sentence of 120 months, the Court should have somehow applied the guideline reductions to which the parties agreed in the plea agreement to the 120-month sentence, rather than in formulating the guideline range. This is simply an inaccurate portrayal of the sentencing process and the plea agreement.

As Petitioner points out, he entered into a plea agreement containing numerous stipulated agreements between him and the Government. Among these were an agreement as to several determinations under the United States Sentencing Guidelines and an agreement that his sentence of imprisonment would be no longer than 120 months. The agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), so Petitioner retained the right to withdraw his plea were the Court not to accept the agreement. Specifically, the agreement contained two provisions regarding the calculation of the recommended guideline sentence. Part B.3 provided that the Government would recommend that "pursuant to § 3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 2 levels for acceptance of responsibility." Part C.3 provided that the parties agreed that Petitioner "was a minor participant as defined in U.S.S.G. § 3B1.2(b)."

---

Court of Appeals which is not binding on this Court, is simply not on point with the procedural posture of Petitioner's case.

As discussed above, the Court accepted the plea agreement. Accordingly, it applied the agreed-upon terms in determining what sentence to impose. However, as in every case, the Court went through a three-step process in determining what that sentence should be. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). First, the Court determined Petitioner's recommended sentencing range under the Sentencing Guidelines, taking into account the sentencing factors to which the parties agreed. The Court found Petitioner's recommended sentencing range to be 135-160 months, based on a criminal history category of I and an offense level of 33. The Court then proceeded through the process, considering whether a departure or variance from that range was warranted. While the Court did not agree with Petitioner's argument that he was entitled to any additional departure or variance, it did find that the maximum sentence to which the parties had agreed, 120 months, was sufficient, but not greater than necessary to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). In so finding, the Court noted that such a sentence was lower than what was recommended by the Sentencing Guidelines.

Petitioner appears to believe that the fact that the parties had agreed to a sentencing cap of 10 years somehow altered this process. However, nothing in the agreement implied that the Court should do anything other than follow the applicable sentencing procedure. The mere fact that the guidelines recommended a sentence higher than what the parties had agreed to simply meant that the guidelines recommended something different than did the parties. In no way did the 120-month cap alter the way in which the guideline range was to be determined. The mere fact that the agreed upon guideline factors pursuant to Sections 3E1.1 and 3B1.2 did not reduce the recommended guideline sentence below the ten-year cap did not change the nature of how these factors were to be determined and applied.

Indeed, as discussed above, the plea agreement addressed the impact of Petitioner's acceptance of responsibility and minor participant status *only* in the context of their application to the Sentencing Guidelines. Part B.3 of the agreement expressly refers to Section 3E1.1 of the Guidelines, and provides a recommendation that "the Court reduce *the offense level* by *2 levels* for acceptance of responsibility." This provision therefore only applies to how Petitioner's acceptance of responsibility would impact the calculation of the guideline factors. Moreover, the terms "offense level" and "2 levels" have specific meanings pursuant to the Guidelines that do not properly translate outside of the context of the Guidelines. Petitioner's argument appears to be that the Court should have reduced the 120-month sentencing maximum under the plea agreement by two levels, but the term "two levels" simply carries no meaning in this context. Similarly, Part C.3 of the plea agreement provided that the parties agreed that Petitioner "was a minor participant as defined in U.S.S.G. § 3B1.2(b)." Again, this provision directly referred to the application of Petitioner's role in the offense under the Sentencing Guidelines.

To the extent that Petitioner argues that the Court could have relied generally on his acceptance of responsibility and role in the offense to find a sentence lower than the 10-year cap to be warranted, the Court certainly could have sentenced Petitioner to a term of imprisonment of less than 10 years based on these or any number of other factors. The Court, at the sentencing hearing, clearly indicated that it was aware of its ability to impose a sentence of less than 120 months and addressed Petitioner's arguments that it should, in fact, do so. However, the Court found that no further departure or variance was warranted, particularly in light of the fact that the Guidelines actually recommended that the Court impose an even greater sentence, even accounting for Petitioner's acceptance of responsibility and minor participant status.

9

In sum, the plea agreement did not provide that the Court should do anything other than engage in the usual procedure in sentencing Petitioner, nor, frankly, do the stipulations as to sentencing factors make any real sense outside of the process of determining the guideline sentencing factors.

### III. Conclusion

Accordingly, given that Petitioner's claims are barred by the waiver of his right to file a collateral attack, that he has not raised his issues properly, and that, in any event, they lack merit, his motion is dismissed.

s/Alan N. Bloch<br>
United States District Judge

ecf:        Counsel of record

cc:         Andrew J. Murin, Jr., Reg. No. 30492-068
            FCI Morgantown
            P.O. Box 1000
            Morgantown, WV 26507